UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD RAY JOHNSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00209-JPH-DML |
| | ) |
| MICHAEL SOJKA, | ) |
| | ) |
| Defendant. | ) |

**ORDER SCREENING COMPLAINT
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Plaintiff, Donald Johnson, Jr., is a prisoner in the Westville Correctional Facility in Westville, Indiana. *See* dkt. 1-1. Mr. Johnson filed this 42 U.S.C. § 1983 action against Indianapolis Metropolitan Police Department Officer Michael Sojka. Dkt. 1. He has been granted *in forma pauperis* status, dkt. 7, and has paid the initial partial filing fee, dkt. 8. The complaint is ready for screening.

## I. Screening Standard

Because Mr. Johnson is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.  The Complaint

Mr. Johnson alleges that on August 30, 2018, Officer Sojka conducted a traffic stop and ordered Mr. Johnson to get out of the car. Dkt. 1 at 3. Officer Sojka then patted down Mr. Johnson without his consent, even though Mr. Johnson was not under arrest, Officer Sojka did not suspect that Mr. Johnson had committed a felony, and there was no reason to impound Mr. Johnson's vehicle. *Id.* Mr. Johnson alleges that Officer Sojka violated the United States and Indiana Constitutions. *Id.* at 5. He seeks compensatory and injunctive relief. *Id.* at 6.

## III.  Discussion of Claims

Liberally construed, the allegations in the complaint are sufficient to plausibly assert a federal Fourth Amendment claim and an Indiana constitutional claim for unlawful search and seizure, and a federal Fourteenth Amendment claim for deprivation of property. Those claims **shall proceed**.

No other claims or defendants have been identified in the complaint. Should Mr. Johnson believe that the Court has overlooked a claim or defendant, he shall have through **June 4, 2021**, to identify those omissions to the Court.

### IV.    Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Officer Michael Sojka in the manner specified by Rule 4(d).  Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 5/4/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONALD RAY JOHNSON, JR.
139588
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Michael Sojka
Indianapolis Metropolitan Police Department
50 N. Alabama St.
Indianapolis, IN 46204