UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD RAY JOHNSON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:21-cv-00209-JPH-DML |
| MICHAEL SOJKA, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Donald Ray Johnson, Jr., filed this lawsuit alleging that in August 2018, Officer Michael Sojka patted him down during a traffic stop and then impounded his car for no reason. Dkt. 1. Officer Sojka has filed a motion to dismiss, arguing that Mr. Johnson's constitutional claim is barred by the statute of limitations. Dkt. [16]. For the reasons below, that motion is **GRANTED**.

## I.
## Facts and Background

Because Officer Sojka has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

On August 30, 2018, Indianapolis Metropolitan Police Department Officer Sojka pulled Mr. Johnson over, ordered that he get out of the car, and patted him down without his consent. Dkt. 1 at 2–3. Officer Sojka then impounded the car that Mr. Johnson was driving, even though Mr. Johnson's mother was

1

available to drive it. *Id.* When Officer Sojka searched the car without a warrant, he found drugs, leading to Mr. Johnson's prosecution. *Id.*

On January 25, 2021, Mr. Johnson filed this lawsuit alleging that Officer Sojka's actions violated the Fourth and Fourteenth Amendments and Article 1 § 11 of the Indiana Constitution *Id.* at 5; *see* dkt. 9 (screening order). Officer Sojka has filed a motion to dismiss for failure to state a claim. Dkt. 16.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## III.
## Analysis

### A. Federal claims under § 1983

Officer Sojka argues that Mr. Johnson's federal claims are barred by the applicable two-year statute of limitations. Dkt. 17 at 3. Those claims are for unlawful search and seizure, including false arrest, under the Fourth Amendment, and deprivation of property under the Fourteenth Amendment. Dkt. 1; dkt. 9 (screening order). Mr. Johnson filed two responses, contending that the statute of limitations did not run while he remained detained. Dkt. 18 at 2; dkt. 19 at 5.

Mr. Johnson brings his federal claims through 42 U.S.C. § 1983, which "imposes liability on '[e]very person who, under color of any . . . State [law]' violates the federal rights of another." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021) (quoting 42 U.S.C. § 1983). In Indiana, § 1983 claims borrow the two-year statute of limitations for personal-injury claims. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (citing Ind. Code § 34-11-2-4). "Accrual, however, is governed by federal law." *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517 (7th Cir. 2019). "The general rule is that a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013).

Here, Mr. Johnson filed his complaint on January 25, 2021—more than two years after his August 30, 2018 interaction with Officer Sojka. *See* dkt. 1

3

at 2, 6.[1]  His § 1983 claims are therefore untimely if they accrued around the time of that interaction.  *See Wilson*, 932 F.3d at 517–18.

Mr. Johnson's Fourth Amendment claim for searching his car and Fourteenth Amendment claim for deprivation of property are "based on out-of-court events, such as gathering of evidence," so they "accrue as soon as the constitutional violation occurs."  *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014).  They therefore accrued on August 30, 2018—the day of the search.  *See id.*  Because Mr. Johnson filed his complaint more than two years after that, *see* dkt. 1, those claims are barred by the statute of limitations.

For his false arrest claim, Mr. Johnson argues that the statute of limitations does "not begin to run until the false imprisonment ends."  Dkt. 18 at 2.  A false arrest, however, is "detention without legal process," so the false arrest ends by the time "legal process was initiated."  *Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 389 (2007)).[2]  False arrest claims therefore accrue "when legal process commences," *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 921 (2017)—"that is, when the

---

[1] Because Mr. Johnson alleged the relevant dates in his complaint, Officer Sojka may raise the statute of limitations defense in a Rule 12(b)(6) motion.  *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the application statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

[2] After the legal process begins, detention may form part of "the entirely distinct tort of malicious prosecution," *Parish*, 614 F.3d at 681, or unlawful pretrial detention, *see Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 921–22 (2017).  Mr. Johnson has not raised either of those claims.  *See* dkt. 1; dkt. 9.

arrestee is bound over by a magistrate or arraigned on charges," *Serino*, 735 F.3d at 591.

Here, Mr. Johnson was detained under legal process beginning on September 5, 2018, when the state court held an initial hearing and found probable cause. *See* dkt. 17-1 at 2 (chronological case summary).[3] His false arrest claim therefore accrued that day, *see Serino*, 735 F.3d at 591, so it too is barred by the two-year statute of limitations.[4] *See Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017).

All of Mr. Johnson's § 1983 claims therefore must be dismissed.

**B.    State-law claim**

Mr. Johnson's state-law claim alleges a violation of the Indiana Constitution's protection against unlawful search and seizure. *See* dkt. 1; dkt. 9. "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Management Co., Inc. v. BP Products N.*

---

[3] The Court takes judicial notice of the state-court chronological case summary, which is permissible for a Rule 12(b)(6) motion. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

[4] Neither party mentions *Heck v. Humphrey*, which prevents Mr. Johnson from pursuing claims that would "imply the invalidity" of his later conviction and would defer his claims' accrual until that conviction was vacated. 512 U.S. 477 (1994); *see Moore*, 771 F.3d at 446. *Heck* does not apply to any of Mr. Johnson's § 1983 claims because they do not call into question his convictions for dealing in cocaine and unlawful possession of a firearm. *See* dkt. 17-1 at 6 (chronological case summary); *Rollins v. Willett*, 770 F.3d 575, 576 (7th Cir. 2014) (explaining that even if evidence is the result of an illegal search or seizure, it has no relevance "to the validity of [a] guilty plea and ensuing conviction"); *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017) ("[A] challenge may be brought to actions such as searches and seizures or a false arrest that do not have any necessary effect on the validity of a conviction.").

*Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012).  Officer Sojka nevertheless argues that the Court should dismiss this claim instead of relinquishing jurisdiction over it.  Dkt. 17 at 6–7.  Mr. Johnson did not respond.

The presumption that the court will relinquish federal jurisdiction over any supplemental state-law claims "is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law."  *RWJ Management*, 672 F.3d at 479.  The Seventh Circuit has identified three exceptions "that may displace the presumption":

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* at 480.

Officer Sojka argues that, under the third exception, the Court should retain jurisdiction because courts in this district have "consistently ruled that no private right of action arises under the Indiana Constitution."  Dkt. 17 at 6–8.  But those rulings are based on the lack of a "clear indication from Indiana courts that such an action is available," *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1103 (S.D. Ind. July 30, 2008); *see Cantrell v. Morris,* 849 N.E.2d 488 (Ind. 2006) (recognizing the issue but declining to resolve it), so it is not "*absolutely* clear" how Mr. Johnson's claim should be resolved.  *RWJ Management*, 672 F.3d at 480 (emphasis added).  Relinquishing jurisdiction

6

here will allow Mr. Johnson to ask the Indiana courts to address this issue, if he chooses.

Nor do the other exceptions, which Officer Sojka does not address, justify retaining jurisdiction here. First, because the Indiana Constitution does not provide an explicit cause of action, it's unclear how long any statute of limitations would be or whether it has run. Second, substantial judicial resources have not been expended on this matter because there have been no other contested motions and the Court has not addressed the merits of any state-law claim. *See RWJ*, 672 F.3d at 481.

The Court therefore declines to exercise supplemental jurisdiction over Mr. Johnson's state claim. *See id.* at 479.

## IV.
## Conclusion

Officer Sojka's motion to dismiss is therefore **GRANTED** as to Mr. Johnson's § 1983 claims, and the Court declines to retain jurisdiction of his state-law claim. Dkt. [16]. The parties **SHALL HAVE through March 31, 2022** to show cause why final judgment should not enter consistent with this order. *See O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 628 (7th Cir. 2020) ("Ordinarily, after an original complaint is dismissed under Rule 12(b)(6), a court should allow at least one opportunity to amend the complaint before dismissing the entire action.").

**SO ORDERED.**

Date: 3/17/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONALD RAY JOHNSON, JR.
139588
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Amy Stewart Johnson
FROST BROWN TODD LLC (Indianapolis)
asjohnson@fbtlaw.com

Barry F. McGinley
FROST BROWN TODD LLC (Indianapolis)
bmcginley@fbtlaw.com

Anthony W. Overholt
FROST BROWN TODD LLC (Indianapolis)
aoverholt@fbtlaw.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov